United States District Court
Southern District of Texas
**ENTERED**
July 25, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| MARGARITA FERNANDEZ §<br>    Plaintiff, §<br>§<br>v. §<br>§<br>FGMS HOLDINGS, L.L.C. §<br>    Defendant. § | Case No. 1:17-cv-00018 |

## OPINION AND ORDER

The Court is in receipt of Defendant FGMS Holdings, L.L.C.'s "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (hereinafter, Defendant's "Motion"). Dkt. No. 4. Plaintiff Margarita Fernandez failed to respond to Defendant's Motion, which creates a presumption of no opposition, pursuant to LR 7.4 of the Local Rules of the United States District Court for the Southern District of Texas. After careful review and consideration on the merits, Defendant's Motion is **GRANTED**.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Margarita Fernandez is the owner of a parcel of real property commonly known as 30995 F.M. 1847, San Benito, Texas 78586. Dkt. No. 1 at 2. On March 1, 2013, Fernandez secured a loan from Defendant in order to satisfy an ad valorem tax lien on her home. *Id.* at 3, 1-2 at 3. Pursuant to the loan agreement, the tax lien was transferred to the Defendant. Dkt. No. 4 at 1. By 2014, Fernandez and Defendant disputed the amount of the outstanding balance and the corresponding monthly payments due. *Id.* On October 13, 2014, the 445th Judicial District Court in Cameron County, Texas, ("445th District Court") issued an order permitting

foreclosure on the tax lien. Dkt. No. 4 at 2. On August 4, 2015, the property was sold at a public sheriff's sale after Fernandez was unsuccessful in his attempt to obtain bankruptcy relief to prevent the foreclosure. Dkt. No 1-2 at 4. On August 9, 2016, the 445th District Court upheld the sale and eviction proceedings. *Id.* at 4. On January 4, 2017, Margarita Fernandez filed a petition seeking an injunction and monetary damages in the 445th District Court. *Id.* at 2.

In her petition, Fernandez alleges that the Defendant violated the Home Ownership and Equity Protection Act (HOEPA), the Truth in Lending Act (TILA), and Article 16, § 50(e)(2) of the Texas Constitution. *See Id.* at 7. On January 31, 2017, Defendant removed the instant civil action to this Court based on federal question jurisdiction regarding Fernandez's HOEPA and TILA claims and supplemental jurisdiction over Fernandez's claims under the Texas Constitution. Dkt. No. 1 at 3. On March 21, 2017, Defendant filed its instant Motion. *See Id.* Defendant asserts that, because the loan was for unpaid ad valorem property taxes and the lien was a transferred tax lien, Fernandez's purported sources of relief do not apply to her loan. *See Id.* Fernandez did not respond to Defendant's Motion.

## II. STANDARD OF REVIEW

A party seeking to dismiss a complaint under Rule 12(b) must assert its defenses prior to filing an answer. *See* FED. R. CIV. P. 12(b). A court may not dismiss a claim under 12(b)(6) unless it is certain that the plaintiff cannot prove her factual allegations that support her claim that entitles her to relief. *See Bombardier Aero. Emple. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough,*

*P.C.,* 354 F.3d 348, 351 (5th Cir. 2003). Therefore, a complaint must contain sufficient factual matter that states a claim to relief that is "'plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citation omitted). Legal conclusions that are "naked assertions devoid of further factual enhancement" or "formulaic recitation of [a claim's] elements" are not enough. *Id.* Instead, factual allegations are facially plausible when they allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* However, when factual allegations are intertwined with the merits, i.e. where the allegations shed light to both the basis of federal court subject matter jurisdiction and the cause of action, a court should not dismiss the claims unless they are "immaterial or wholly insubstantial and frivolous." *See Clark,* 798 F.2d at 741. Finally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

### III.   DISCUSSION

#### A. HOEPA and TILA Claims

Defendant argues that Fernandez's claims are subject to dismissal because the tax lien transfer transaction at issue is not a "consumer credit" transaction within the meaning of the Truth in Lending Act ("TILA") and Home Ownership and Equity Protection Act ("HOEPA"). *See* Dkt. No. 4 at 5. Specifically, Defendant argues that, transfers of property tax liens do not qualify as an extension of credit under these statutes. *Id.* at 4-5.

Defendant is correct; tax lien transfers are not extensions of "credit" subject to TILA. *Billings v. Propel Fin. Services, L.L.C.*, 821 F.3d 608, 613 (5th Cir. 2016). Under Texas law, a lien cannot be transferred without the transfer of the underlying claim. *Id.* The underlying debt of a transferred tax lien, therefore, remains a tax claim owed to the taxing authority. *Id.* As such, the transferee of the tax lien is entitled to exercise any rights possessed by the original transferring taxing unit, including foreclosure or judicial sale. *Id.* at 612. While *Billings* only discussed TILA, the court discussed the fact that HOEPA and TILA use the same definition of "credit", which turns on the usage of the word "debt". *Id.* at 611. *See* 15 U.S.C. § 1602(f). *See* 15 U.S.C. § 1639. If the debt underlying the lien held by Defendant remains a tax claim, the tax lien transfer and payment of the tax obligation by the transferee is not an extension of "credit" within the meaning of TILA or HOPEA. *Billings,* 821 F.3d at 611. *See* 15 U.S.C. § 1602(f). *See* 15 U.S.C. § 1639. Therefore, any claims made by Fernandez against Defendant pursuant to TILA or HOEPA are dismissed.

### B. Supplemental Jurisdiction - Texas Constitution Claims

Contrary to Fernandez's claims, Defendant argues that tax-related debts are not subject to Article 16, § 50(e)(2) of the Texas Constitution. Dkt. No. 4 at 6. Specifically, Defendant argues that since the property tax loan does not extinguish the underlying tax obligation, the claim forming the basis for the lien remains a debt for taxes due, which may be enforced against a person's homestead. *Id.* Here, again, Defendant is correct.

The Texas Constitution protects the forced sale of a homestead to satisfy a debt. *See* TEX. CONST. ART XVI § 50(a). Certain debts, however, are exempt from protection, including a sale for the payment of taxes due on the homestead. *See* TEX. CONST. ART XVI § 50(a)(2). Among these exceptions is the enforcement of a tax lien by a third party. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 659 (Tex. 1996). A valid lien remains valid against the homestead when the original debt is refinanced. *Id.* The *Benchmark* court notes that to hold otherwise would defeat the purpose of the debt refinancing, which allows a party to restructure their debt and prevent foreclosure. *Id. Benchmark's* reasoning is consistent with the holding in *Billings*, where the Fifth Circuit stated that debt underlying a tax lien remains a debt for taxes owed even if the tax lien is subrogated to a third party. *Billings,* 821 F.3d at 613. The debt underlying the tax lien on Fernandez's property remains a debt for taxes owed. Therefore, the homestead protections in the Texas Constitution do not apply to the foreclosure at issue here.

## IV.   CONCLUSION

As discussed above, Fernandez's Complaint is hereby **DISMISSED**. The Clerk's Office is **ORDERED** to close this case.

**SO ORDERED.**

Signed in Brownsville, Texas, on this 25th day of July, 2017.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**